IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELK ENERGY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-1235-EFM-KGG |
| | ) |
| GOTHAM RESOURCE DEVELOPMENT | ) |
| COMPANY, LLC | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER ON MOTION TO INTERVENE

Now before the Court is Lippelmann Partners LLC's (hereinafter "LP" or "Intervening Party") motion to intervene. (Doc. 17). Plaintiff, Elk Energy Holdings, LLC (hereinafter "Elk Energy" or "Plaintiff"), opposes the motion on both procedural and substantive grounds. (Doc. 18). Having reviewed the parties' submissions, the Court **GRANTS** the motion.

I. Background

Elk Energy brought an action against Gotham Resource Development Company, LLC (hereinafter "Gotham" or "Defendant") on September 28, 2021, alleging breach of contract for failing to pay drilling costs associated with a drilling well, known as the Shepard #2-14 well. (Doc. 12-1). On January 27, 2020, Plaintiff and Defendant entered into an agreement to participate in the drilling of the Shepard #2-14 well. (Doc. 12-1, at 9). In a separate agreement, Elk Energy and Gotham entered into an oil and gas lease (hereinafter the "Lippelmann Lease") on a plot of land in Thomas County, Kansas. (Doc.

1

12-1, at 3). Plaintiff alleges that Defendant agreed to use proceeds from the Lippelmann Lease to pay for costs associated with drilling the Shepard #2-14 well.

On August 1, 2021, Elk Energy suspended $196,453.57 in revenue to satisfy unpaid drilling costs for the Shepard #2-14 well. (Doc. 18, at 6; *see also* Doc. 17, at 2). Elk Energy suspended another $93,416.30 on September 27, 2021. (*Id.*). Gotham subsequently assigned an 85% working interest and 63.75% net revenue interest to LP on November 10, 2021. (Doc. 18-2). The "Assignment and Bill of Sale" indicate that the agreement was subject to a Joint Operating Agreement between Elk Energy and Assignor (*i.e.*, Gotham). (*Id.*).

LP moved to intervene in the pending matter on December 17, 2021. (Doc. 17). In addition, LP moves to add counterclaims alleging conversion and seeking declaratory judgment. (Doc. 17-1).

## II.  Legal Standard

Federal Rule of Civil Procedure 24 allows two types of intervention—intervention as a matter of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). To intervene as a matter of right pursuant to Fed. R. Civ. P 24(a)(2), the movant must establish, upon a timely motion, that it "claims an interest relating to the property or transaction which is the subject of the action; . . . the interest may as a practical matter be impaired or impeded; and . . . the interest may not be adequately represented by existing parties." *Everest Indemnity Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 332-33 (D. Kan. 2020) (quoting *Kane Cty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019)).

Upon such a showing, the Court "must" permit intervention. Fed. R. Civ. P. 24(a). Historically, the Tenth Circuit has taken a "liberal approach to intervention [as a matter of right] and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Permissive intervention pursuant to Fed. R. Civ. P. 24(b), on the other hand, rests in the discretion of the trial court. The court's discretion to grant or reject Rule 24(b) intervention is broader than that of Rule 24(a). *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1390 (10th Cir. 2009) ("We review the denial of a motion to intervene as of right de novo and denial of a motion for permissive intervention for an abuse of discretion."). According to the Rule, the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

**III.   Analysis**

Fed. R. Civ. P. 24(c) requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Elk Energy first objects to LP's motion on the basis that the motion failed to indicate whether LP was seeking intervention pursuant to subsection (a) or (b). (Doc. 18, at 1). However, Rule 24(c) does not mandate that the moving party identify which subsection applies but requires the moving party to inform the court and

3

parties of the grounds on which intervention is sought. *See In re Bank of Am. Wage and Hour Emp. Litig.*, No. 10–MD–2138–JWL, 2014 WL 3894356, at *2 (D. Kan. Aug. 8, 2014). The Rules specifically provide that "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). *See also In re S.E.C.*, 253 F. App'x 752, 755–56 (10th Cir. 2007). One of the core purposes of Rule 24(c) is to make the moving party's claims known. *Barnes v. Harris*, 783 F.3d 1185, 1191 (10th Cir. 2015).

Here, the intervening party stated in its motion the grounds for which intervention is sought. (Doc. 17). The intervening party also attached a pleading to the motion which contained its answer to the petition and asserted counterclaims which provided the grounds for jurisdiction and statements of its claims. (Doc. 17-1). Granted, LP did not specifically state whether it was seeking intervention as a matter of right or permissive intervention[1], the motion clearly stated it was seeking to intervene. The Court finds the Plaintiff is not unfairly prejudiced and was on sufficient notice of LP's claims and defenses. As such, the Court does not find the motion to be procedurally deficient.

Elk Energy further opposes the motion on substantive grounds. (Doc. 18, at 2). In particularly, it alleges that LP failed to establish a common question of law or fact and the claims would be futile if allowed to go forward. (*Id.*, at 2, 5). At this stage of litigation, it would be premature for the Court determine whether LP's claims are sufficiently plead. *See, e.g.*, *Bank Midwest v. R.F. Fisher Elec. Co., LLC*, No. 19-2560-EFM-GEB, 2020 WL 1904020, at *3 (D. Kan. Apr. 17, 2020) (declining to analyze

---

[1] Apparently, as indicated in its reply brief, LP is seeking intervention on either ground. (*See* Doc. 20).

whether the intervening party's claims were "artfully and successfully plead."). Rather, the Court will focus on the Rule 24 factors to determine whether LP may intervene.

Under Rule 24(b), the motion must be timely. Fed. R. Civ. P. 24(b)(1). The case is still in the early stages of litigation—a notice of removal (Doc. 1) was filed on September 28, 2021, and a scheduling order (Doc. 15) was issued on November 18, 2021. Moreover, the discovery deadline is nearly six months away with mediation scheduled in mid-March. As such, the Court finds the motion to be timely. Similarly, the Court does not find undue prejudice or delay.

Intervention also meets the common question of law or fact required by Rule 24(b)(1)(B). LP claims it is entitled to the money Elk Energy suspended for the Shepard #2-14 well. The complaint filed by Elk Energy alleges it is owed that money pursuant to a prior agreement with Gotham Energy who assigned its interest to LP. Taking into account the relevant factors, the Court finds that permissive intervention applies.

## IV.   Conclusion

The Court thus **GRANTS** LP's Motion to Intervene (Doc. 17) as more fully set forth above. Any resulting pleadings by LP **shall be filed on or before February 11, 2022**.

**IT IS SO ORDERED.**

Dated January 28, 2022

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge