IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELK ENERGY HOLDINGS, LLC,

    *Plaintiff,*

vs.

GOTHAM RESOURCE DEVELOPMENT COMPANY, LLC,

    *Defendant,*

and

LIPPELMANN PARTNERS, LLC,

    *Intervenor.*

Case No. 21-cv-01235

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiff Elk Energy Holdings, LLC's Motion to Dismiss Intervenor Lippelmann Partners, LLC's Conversion Counterclaim for Failure to State a Claim (Doc. 26). Lippelmann Partners alleges that Elk Energy converted its Lease revenue without authorization and seeks relief under Kansas law. Elk Energy moves to dismiss under Rule 12(b)(6), claiming that Lippelmann Partners failed to allege that it was the owner of the Lease revenue at the time of the alleged conversion and that Elk Energy used the Lease revenue without authorization.

However, the Court finds that Lippelmann Partners sufficiently alleged its conversion counterclaim, and therefore denies Elk Energy's Motion.

## I.   Factual and Procedural Background[1]

Elk Energy alleges that it was the operator and working interest owner in a number of oil and gas leases with Gotham Resource. One such lease is the Lippelmann Lease, in which Gotham Resource was an 85% working interest owner and Elk Energy was the operator and a 15% working interest owner. On January 27, 2020, Elk Energy alleges that it submitted an option to Gotham Resource to enter into a new oil and gas lease agreement to drill a new well, called the Shepherd #2-14 Well. Per the agreement, Elk Energy would be the operator and 15% working interest owner, and Gotham Resource would be the remaining 85% working interest owner. Additionally, Gotham Resource would pay for the drilling costs from its net revenue of the Lippelmann Lease. More specifically, Gotham Resource would pay from its "January 2020 net revenue from some combination of Lippelman #2-14 through #8-14 Wells." Elk Energy alleges that Gotham Resource accepted the deal.

Elk Energy claims to have drilled the new Shepherd #2-14 Well from January 27, 2020, to February 6, 2020, but completed the Well as a dry hole. Elk Energy demanded payment of drilling expenses from Gotham Resource per their alleged January 27, 2020, Agreement, but Gotham Resource refused. Therefore, Elk Energy withheld Gotham Resource's proceeds from the old Lippelmann Lease to pay for the expense of drilling the Shepherd #2-14 Well.

---

[1] The facts are taken from Lippelmann Partners' answer to Elk Energy's complaint and from Lippelmann Partners' counterclaim and are considered true for the purpose of this motion.

Elk Energy sued Gotham Resource on August 27, 2021, for breach of contract. Lippelmann Partners intervened in the action, claiming to have merged with Gotham Resource and, therefore, succeeded the working interest in the old Lippelmann Lease. Lippelmann Partners filed a response to the breach of contract claim on December 17, 2021. In its response, Lippelmann Partners made a counterclaim against Elk Energy for conversion. Lippelmann Partners alleges that it lacks knowledge about the new Shepherd Lease Agreement between Elk Energy and Gotham Resource. Furthermore, Lippelmann Partners denied that Elk Energy was permitted to use the old Lippelmann Lease revenue to drill the Shepherd #2-14 Well. Lippelmann Partners claims that Elk Energy converted $195,453.57 from Lippelmann's July 2021 net revenue and $93,416.30 from its August 2021 net revenue without permission from Lippelmann Partners or any of its predecessors. Elk Energy disputes the claim, arguing that Lippelmann Partners did not obtain the working interest until November 10, 2021, *after* the alleged conversion. On this ground, Elk Energy filed a motion to dismiss the counterclaim for failure to state a claim.

## II.     Legal Standard

In determining whether a counterclaim should be dismissed pursuant to Rule 12(b)(6), the court utilizes the same standards applied in considering a motion to dismiss a complaint for failure to state a claim for relief.[2] Under Rule 12(b)(6), a defendant may move to dismiss any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that

---

[2] *Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1265 (D. Kan. 2019).

[3] Fed. R. Civ. P. 12(b)(6).

is plausible on its face.' "[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

### III.   Analysis

In Kansas, "[c]onversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights."[10]  A plaintiff must allege that "(1) they possessed a right in the goods or personal chattels; and (2) defendant exercised control over the goods or chattel to the exclusion of their right."[11]  The Court finds that Lippelmann Partners sufficiently alleges both elements.

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] *Bomhoff v. Nelnet Loan Servs., Inc.*, 279 Kan. 415, 109 P.3d 1241, 1246 (2005).

[11] *Alexander v. BF Labs Inc.,* 2016 WL 5243412, at *5 (D. Kan. 2016) (citing *In re Bratt*, 491 B.R. 572, 578 (Bankr. D. Kan. 2013); *Bank v. Parish*, 46 Kan. App.2d 422, 264 P.3d 491, 498 (2011)).

### A. Right to Immediate Possession

Elk Energy argues that Lippelmann Partners only alleges that it *is* the current owner of the Lease, not that it *was* the owner at the time of the alleged conversion. Lippelmann Partners claims that it properly alleged that it was the owner and pointed to the facts section of its counterclaim in paragraphs seven and eight. The paragraphs state:

> "7. On August 1, 2021, Plaintiff, without permission or authorization from Lippelmann or any of its predecessors, converted $196,453.57 from Lippelmann's July net revenue. 8. On September 27, 2021, Plaintiff, again without permission or authorization from Lippelmann or any of its predecessors, converted an additional $93,416.30 from the Lippelmann's August net revenue."

While the parties' briefing is mired in factual disputes regarding when exactly Lippelmann Partners merged with Gotham Resource, such disputes are irrelevant given the current posture of the case. The motion before the Court is a motion to dismiss for failure to state a claim, and as such, the Court is limited to determining whether the well-pleaded allegations of the complaint (or counterclaim, in this case) satisfy the elements of the cause of action.[12] A motion to dismiss for failure to state a claim is not a place for the resolution of factual disputes.[13]

Looking only to the well-pleaded allegations of the Counterclaim, Lippelmann Partners alleges that it was the owner at the time of the alleged conversion. Elk Energy is correct that in other sections in the complaint, Lippelmann Partners merely state that it *is* the interest holder. However, despite the careless use of tense in the complaint, Elk Energy was still sufficiently put on notice of Lippelmann Partners' claim and was adequately given the grounds for the claim.[14] Lippelmann Partners claims that Elk Energy converted $289,869.87 from the Lease revenue and

---

[12] *Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678.

[13] *See Ridge at Red Hawk, LLC*, 493 F.3d at 1777.

[14] *See Robbins*, 519 F.3d at 1248 (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

that Lippelmann Partners owns the Lease revenue.  Lippelmann Partners could not claim that it owned the revenue from the Lease without also claiming to be the owner of the Lease interest at the time.  Thus, Lippelmann Partners sufficiently alleges that it was the owner of the net revenue interest of the Lease at the time of the alleged conversion.

### B.     Unauthorized Possession

On this issue, the parties, apparently oblivious to the governing standard on a motion to dismiss, are again content to bicker about the facts.  Elk Energy argues that it did not have unauthorized possession when it used the revenue from the Lease to drill additional wells because Gotham Resource, the interest holder, gave it permission.  Furthermore, even if Gotham Resource was not the interest holder at the time of the alleged conversion, Elk Energy still had permission because any interest transferred to Lippelmann Partners would be burdened by the previous contract.  However, Lippelmann Partners' well-pleaded allegations, which the Court must accept as true for the purposes of this Motion, claim that Gotham Resource never gave Elk Energy permission, and thus no such permission existed when Lippelmann Partners took over Gotham's interest.  Thus, Lippelmann Partners has sufficiently pleaded this element of its conversion claim.

**IT IS THEREFORE ORDERED** that Elk Energy's Motion to Dismiss for Failure to State a Claim (Doc. 26) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 26th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE